United States District Court
Southern District of Texas

**ENTERED**

June 01, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS CAMPOS LEYVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-270 |
| | § | |
| WARDEN, PORT ISABEL DETENTION | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Jesus Campos Leyva is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. In this habeas action, Petitioner, proceeding pro se, contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). He bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226 and on the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments. In light of that decision, the Court ordered Petitioner to file a Statement in support of his claims. (Order, Doc. 5) Petitioner did not timely comply with the Order, but seeks leave to file his Statement after the deadline, attaching his proposed Statement to the motion. (*See* Mot. for Leave, Doc. 9)

Based on the record and the applicable law, the Court concludes that good cause exists to grant Petitioner's request to file his Statement, but that he does not present a viable habeas claim.

## I.    Motion for Leave

Petitioner requests leave to file his Statement after the deadline based on his status as a pro se detainee.  The Court finds that good cause supports the request and will consider the arguments that he presents in his Statement.

## II.    Due Process Claim[1]

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits the continued restraint of liberty without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond.  Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2]  Petitioner seeks to distinguish those cases, (*see* Mot., Doc. 9), but the Court finds the proposed distinctions unpersuasive.  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

---

[1] To the extent that Petitioner alleges a statutory argument regarding the application of Section 1225(b)(2)(A), the Fifth Circuit has foreclosed such a claim. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., Ochoa v. Vergara, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); Hassen v. Noem, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his prior release from immigration detention under Section 1226(a).  But he presents no authority to support his claim that these circumstances present a viable as-applied due process challenge.  In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

## III.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to relief on his petition for writ of habeas corpus.

Accordingly, it is:

**ORDERED** that Petitioner Jesus Campos Leyva's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 1, 2026.

Fernando Rodriguez, Jr.
United States District Judge

3 / 3